## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **PATRICIA LYON**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:15-cv-204** |
| **DIOCESE OF VENICE** and **ST. ELIZABETH SETON SCHOOL**, | **Judge: Sheri Polster Chappell** |
| Defendant. | **Mag. Judge:  Carol Mirando** |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **PATRICIA LYON** ("**LYON**"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 15, and states the following for her Amended Complaint:

### CAUSES OF ACTION

1.     This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA.

### PARTIES

2.     The Plaintiff, **PATRICIA LYON** ("**LYON**") is an individual and a resident of Florida who currently resides in Collier County, Florida.

3.     Defendant, **DIOCESE OF VENICE** ("Diocese") is a subdivision of the Catholic Church and operates **ST. ELIZABETH SETON SCHOOL** ("School"). Diocese and School are

1

collectively referred to as "Defendant." The Defendant is an employer under the ADEA and FCRA as both the Diocese and School each employ more than 20 employees.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.      This Court has supplemental jurisdiction over **LYON**'s state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

7.      At all material times, the Defendant employed greater than twenty (20) employees and did employ **LYON**.

8.      **LYON** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 9, 2015 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

9.      **LYON** was hired by the Defendant on or about 1988 as an elementary school teacher at St. Elizabeth Seton School in Naples, Florida.

10.     **LYON** always performed her assigned duties in a professional manner and was very well qualified for her position.

11.     **LYON**'s job duties were almost exclusively and strictly secular.

12.     **LYON**'s job duties did not involve any religious instruction. Her duties were in no way ministerial as they did not include teaching Bible classes, leading devotionals or organizing chapel services.

13.     **LYON** did not consider herself to be a minister at all but rather a teacher, and a teacher no different than one who was employed by a public school board.

14.     **LYON** has never completed any Church commission process, nor has she ever claimed ministry-dependent allowances on her tax returns.

15.     **LYON**'s essential job duties did not consist of conveying the Church's religious message or carrying out its mission.

16.     **LYON**'s essential job duties did not consist of spreading the faith, church governance, supervision of a religious order, or instruction in religious ritual and worship.

17.     **LYON**'s essential job duties were not important to the spiritual and pastoral mission of the church.

18.     **LYON** was not a minister, nor clergy, and the Defendant did not consider her to be a minister or member of clergy.

19.     **LYON** is a member of a protected class as a person over the age of 40.

20.     However, beginning on or about April 2014, **LYON** began being subjected to discrimination on the basis of her age.

21.     Specifically, when the Defendant informed **LYON** that after 26 years of employment, it was not going to renew **LYON**'s employment contract for the upcoming school year.

22.     **LYON** was only one academic year away from obtaining her retirement pension.

23.     **LYON** was not offered a reduction in salary, nor was another long-tenured teacher well over the age of 40 who was also let go.

24.     The Defendant remained hiring for positions within the school despite some supposed reduction in enrollment.

25.     The Defendant simply replaced **LYON** with an under-qualified and inexperienced person under the age of 40.

26.     At all material times, the Defendant was aware of **LYON**'s age and, consequently, her protected class, which is the basis for its discriminatory employment practices toward **LYON**.

27.     Those persons not within the protected class were not subject to termination of their employment whereas those over the age of 40 were targeted for termination by the Defendant.

28.     At all material times, the Defendant was aware of **LYON**'s age and, consequently, her protected class, which is the basis for its discriminatory employment practices toward **LYON**.

29.     **LYON** would not have been terminated but for her age.

30.     The Defendant has violated the ADEA and FCRA.

<u>**COUNT I – VIOLATION OF THE ADEA**</u>

31.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

32.     **LYON** seeks recovery for all damages stemming from his termination by the Defendant.

33.     At all material times, **LYON** was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

34.     **LYON** is a member of the protected age class (over the age of 40).

35.     **LYON** was well qualified for the position that she held with the Defendant.

36.     Despite her qualifications, **LYON** has suffered adverse employment action in the form of the Defendant's termination of **LYON**.

37.     A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **LYON**.

38.     The Defendant sought applicants for **LYON**'s position that were outside of **LYON**'s protected class.

39.     The Defendant has discriminated against **LYON** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

40.     The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **LYON** because of her age.

41.     The Defendant's violations of the law were knowing and willful.

42.     A causal connection exists between **LYON**'s age and the termination of her employment by the Defendant.

43.     As a result of the above-described violations of the ADEA, **LYON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

44.     **LYON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

45.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

46.     **LYON** seeks recovery for all damages stemming from her termination by the Defendant.

47.     At all material times, **LYON** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

48.     **LYON** is a member of the protected age class (over the age of 40).

49.     **LYON** was well qualified for the position that she held with the Defendant.

50.     Despite her qualifications, **LYON** has suffered adverse employment action in the form of the Defendant's termination of **LYON**.

51.     A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **LYON**.

52.     The Defendant sought applicants for **LYON**'s position that were outside of **LYON**'s protected class.

53.     The Defendant has discriminated against **LYON** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

54.     The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **LYON** because of her age.

55.     The Defendant's violations of the law were knowing and willful.

56.     A causal connection exists between **LYON**'s age and the termination of her employment by the Defendant.

57.     As a result of the above-described violations of the FCRA, **LYON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

58.     **LYON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, PATRICIA LYON, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Dated: June 11, 2015          s/ Benjamin H. Yormak
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Trial Counsel for Plaintiff
                              Yormak Employment & Disability Law
                              9990 Coconut Road
                              Bonita Springs, Florida 34135
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

> **s/ Benjamin H. Yormak**
> Benjamin H. Yormak
> Florida Bar Number 71272
> Trial Counsel for Plaintiff
> Yormak Employment & Disability Law
> 9990 Coconut Road
> Bonita Springs, Florida 34135
> Telephone: (239) 985-9691
> Fax: (239) 288-2534
> Email: byormak@yormaklaw.com